UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHNSON, also known as, Charles Allender,<br><br>               Petitioner,<br>    v.<br><br>LOS ANGELES SUPERIOR COURT,<br><br>               Respondent. | Case No. CV 16-8396 PA(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. SUMMARY

On October 27, 2016, Joseph Johnson, also known as Charles Allender ("petitioner"), a state prisoner who is proceeding *pro se*, signed a Petition for Writ of Habeas Corpus ("Petition") which was formally filed on November 10, 2016. Petitioner appears to challenge a conviction in Los Angeles County Superior Court on October 19, 2016, essentially claiming that the evidence was insufficient to convict him of second degree murder. It plainly appears from the face of the Petition that the Petition is wholly unexhausted as the Petition reflects that petitioner has not appealed the conviction and has not previously filed any other challenge to the conviction in any court, state or federal, but now has pending a challenge to such judgment. Accordingly, petitioner is not entitled to federal habeas relief on his claim at this time. As explained below, the Court dismisses

this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II.   DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S. 1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

///

///

In the present proceeding, the Petition affirmatively reflects that petitioner – who was convicted only last month, has not appealed or previously challenged the conviction in any state court, but currently has such a challenge pending. See Petition Responses to Questions 8, 10 & 14. Accordingly, it plainly appears from the face of the Petition that petitioner cannot meet his burden to demonstrate that he has exhausted his claims.

Although it is clear that the California Supreme Court has not resolved petitioner's claims, the exhaustion requirement may nonetheless be satisfied if petitioner's claims are clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, it is not at all "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of petitioner's claims might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

///

## III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: November 16, 2016

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE